IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:03-1094-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Adrian Lamont Jeter, | ) | |
| Movant. | ) | |

This matter is before the court on Adrian Lamont Jeter's ("Jeter's") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, the court dismisses Jeter's motion.

On March 30, 2004, Jeter pleaded guilty to conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea was based on a written plea agreement wherein Jeter waived his right to contest his conviction or sentence in any direct appeal or other post conviction action including proceedings under 28 U.S.C. § 2255. The appellate waiver did not apply to claims of ineffective assistance of counsel. On June 21, 2004, Jeter was sentenced to three hundred sixty (360) months imprisonment, followed by ten (10) years of supervised release. Judgment was entered on June 29, 2004. Jeter appealed his conviction and sentence on July 7, 2004, challenging the validity of his guilty plea and the propriety of his sentence. Specifically, Jeter challenged his classification as a career offender. On March 3, 2006, Jeter's conviction and sentence were affirmed. Thereafter, on January 9, 2007, Jeter filed a § 2255 Motion. On September 8, 2008, the district court denied Jeter's § 2255 Motion. Jeter filed the instant § 2255 motion on January 31, 2011.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prisoner

is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (citations omitted). Section 2255 provides:

> (a) second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. § § 2244, 2253.

Prior to filing a second or successive motion under § 2255, Jeter must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. Because Jeter has not obtained permission to file a second or successive § 2255 motion from the Fourth Circuit Court of Appeals prior to the filing of this § 2255 motion, this court has no jurisdiction to consider his present motion. 28 U.S.C. § 2255(h). *See also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). Therefore, this § 2255 motion is **DISMISSED** for lack of jurisdiction.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make

3

"a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

November 8, 2011
Greenville, South Carolina