IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:03-1094-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Adrian Jeter, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Adrian Jeter's ("Jeter's") Motion for Relief from Judgment or to Amend. (ECF No. 535). For the reasons below, the court summarily dismisses Jeter's motion.

On March 30, 2004, Jeter pleaded guilty to conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 184). The plea was based on a written plea agreement wherein Jeter waived his right to contest his conviction or sentence in any direct appeal or other post conviction action including proceedings under 28 U.S.C. § 2255. (ECF No. 182). The appellate waiver did not apply to claims of ineffective assistance of counsel. On June 21, 2004, United States District Judge Henry F. Floyd sentenced Jeter to three hundred sixty (360) months imprisonment, followed by ten (10) years of supervised release. (ECF No. 254). Judgment was entered on June 29, 2004. (ECF No. 267). Jeter appealed his conviction and sentence on July 7, 2004, challenging the validity of his guilty plea and the propriety of his sentence. (ECF No. 275). Specifically, Jeter challenged his classification as a career offender. On March 3, 2006, Jeter's conviction and sentence were affirmed. (ECF No. 307). Thereafter, on January 9, 2007, Jeter filed a § 2255 motion (ECF No. 312),

which the court subsequently denied. (ECF No. 395).[1]  Jeter filed a second § 2255 motion on January 31, 2011, which the court denied as successive.  (ECF No. 532).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted).  Section 2255 provides:

> (a) second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. §§ 2244, 2253.  The Fourth Circuit Court of Appeals has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003).

Here, pursuant to Fed.R.Civ.P. 60(b), Jeter specifically seeks relief from the order filed September 8, 2008, denying him relief pursuant to § 2255 (ECF No. 395).  (ECF No. 535, Mot. at 1).  Jeter contends that he was improperly sentenced as a career offender because his prior conviction was obtained without counsel and the prior sentence was suspended to probation. (Mot. at 4).  He states that he is seeking leave to amend his

---

[1]This case was reassigned to the undersigned on October 27, 2011.  (ECF No. 530).

previously timely filed § 2255 motion to add the above argument.  (Mot. at 6).

Rule 60(b) entitles the moving party to relief from judgment in a limited number of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  "[A] Rule 60(b) motion filed in a § 2255 proceeding may be a 'true' Rule 60(b) motion or instead a second or successive § 2255 petition filed under the auspices of Rule 60(b)." *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (*citing Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006)).  A post-judgment motion filed in a habeas or § 2255 proceeding is truly a 60(b) motion if it:  "(1) challenges only a procedural ruling . . . which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the . . . habeas proceeding, provided that such a challenge does not itself lead . . . to a merits-based attack on the disposition of a prior habeas petition." *Id.* (omissions in original) (*quoting Spitznas*, 464 F.3d at 1216).  "By contrast, 'a [Rule] 60(b) motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *Id.* (alterations in original) (*quoting Spitznas,* 464 F.3d at 1215).

In substance and effect, Jeter's challenge " 'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" *McCalister*, 453 F. App'x at 778 (*quoting Spitznas*, 464 F.3d at 1215).  This motion is properly construed as a § 2255 motion. *See Gonzalez*, 545 U.S. at 530-32 (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion).  Accordingly, the court concludes that Jeter's Rule 60(b) motion constitutes a successive § 2254 petition.[2]

---

[2]Moreover, even if the court considered Jeter's Rule 60(b) motion, it would be untimely.  Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time," but in this case, Jeter's motion comes more than five years after his first §2255 motion was denied, and is therefore untimely. *See McLawhorn v.*

3

As Jeter has already filed a § 2255 motion, prior to filing another motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing her to file a successive motion. Because Jeter has not obtained permission to file a successive § 2255 motion from the Fourth Circuit Court of Appeals prior to the filing of this § 2255 motion, this court has no jurisdiction to consider his present motion. *See* 28 U.S.C. § 2255(h). *See also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). Therefore, this motion is **DISMISSED** for lack of jurisdiction.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Simpson has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 3, 2014
Anderson, South Carolina

---

*John W. Daniel & Co., Inc.,* 924 F.2d 535, 538 (4th Cir.1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citations omitted)).