IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:03-1094-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Adrian Jeter, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Adrian Jeter's ("Jeter's") Motion for Reconsideration. (ECF No. 562). Jeter contends that in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), the Fourth Circuit Court of Appeals announced an intervening change of law under which his habeas petition is not barred as second or successive. For the reasons below, the motion is denied.

On March 30, 2004, Jeter pleaded guilty to conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 184). On June 21, 2004, United States District Judge Henry F. Floyd sentenced Jeter to three hundred sixty (360) months imprisonment, followed by ten (10) years of supervised release. (ECF No. 254). Judgment was entered on June 29, 2004. (ECF No. 267). Jeter appealed his conviction and sentence on July 7, 2004, challenging the validity of his guilty plea and the propriety of his sentence. (ECF No. 275). Specifically, Jeter challenged his classification as a career offender. On March 3, 2006, Jeter's conviction and sentence were affirmed. (ECF No. 307). Thereafter, on January 9, 2007, Jeter filed his first § 2255 motion (ECF No. 312), which the court subsequently denied. (ECF No. 395).[1] Jeter filed a second § 2255 motion on January 31, 2011, which the court

---

[1] This case was reassigned to the undersigned on October 27, 2011. (ECF No. 530).

denied as successive. (ECF No. 532). Jeter then filed a motion to alter judgment (ECF No. 535), which the court denied (ECF No. 559).

As noted above, Jeter contends that in *Whiteside*, the Fourth Circuit announced an intervening change of law under which his habeas petition is not barred as second or successive. However, the decision in *Whiteside* does not provide support for Jeter's argument. In *Whiteside,* the court in a 2-1 decision held that equitable tolling was applicable to a petitioner who sought relief pursuant to § 2255 and alleged an erroneous application of the career offender enhancement under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). However, the petitioner in *Whiteside* had never filed a prior § 2255 motion, and thus, the court did not consider whether the provisions of § 2255(h)(2) would be satisfied such that this issue could be raised in a successive § 2255 motion.[2]

Additionally, the court notes that on July 10, 2014, the Fourth Circuit entered an order granting a rehearing en banc in *Whiteside*. *Whiteside v. United States*, C/A No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014) (unpublished). Accordingly, the panel opinion in *Whiteside* has been vacated. *See* 4th Cir. R. 35(c); *United States v. Geddings*, 278 F. App'x 281, 286 n. 6 (4th Cir. 2008) (holding that "[u]nder Fourth Circuit rules, granting of rehearing en banc vacates the previous

---

[2]Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

panel judgment and opinion.").[3]  Accordingly, Jeter's Motion for Reconsideration (ECF No. 562) is **DENIED**.

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

October 28, 2014
Anderson, South Carolina

---

[3] The court has not reached the merits of Jeter's petition, but has rather found Jeter's § 2255 motion to be barred as successive.  The court takes no position as to whether Jeter might be granted leave by the Fourth Circuit to file a successive § 2255 with the sentencing court.